IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN GIBBONS THOMAS, | * * * | |
| Plaintiff, | * * | CASE NO. 1:22-497 Removed from Circuit |
| vs. | * * * | Court of Mobile, Alabama: 02-CV-2022-902000 |
| WALMART, INC. FICTITIOUS PARTIES A - Z | * * * * | |
| Defendants. | * | |

NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

Defendant WALMART, INC (hereinafter "Walmart") gives notice pursuant to 28 U.S.C. § 1441 and 1446 that this cause is hereby removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. As grounds for this removal, Walmart respectfully shows unto the Court as follows:

I. RELEVANT PROCEDURAL FACTS

1. An action was commenced against Walmart in the Circuit Court of Mobile County, Alabama, entitled *John Gibbons Thomas v. Walmart, Inc., and Fictitious Parties A – Z, Defendants,* Civil Action No. 02-CV-2022-902000. Attached as Exhibit "A" is the state court file in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Mobile County, Alabama, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Walmart on November 22, 2022, which was Walmart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within thirty (30) days after the receipt by Walmart of the initial filed pleading setting forth the claim for relief upon which such action or proceeding is based in accordance with 28 U.S.C. § 1446 (b). The Circuit Court of Mobile County, Alabama, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) and (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Upon information and belief, Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Alabama and resides in Mobile County, Alabama. *See* Compl. ¶1.

6. Walmart is a citizen of Delaware and Arkansas. *See* 28 U.S.C.A. § 1332(c)(1). Defendant Walmart is organized under the laws of Delaware and maintains its principal place of business in Arkansas. More specifically, Wal-Mart Stores East, L.P., is a limited partnership whose sole limited partner is WSE Investment, LLC, and whose sole general partner is WSE Management, LLC. Wal-Mart Stores East, L.P., is organized under the laws of the State of Delaware and maintains its principal place of business in Bentonville, Arkansas. WSE Investment, LLC, is a wholly owned subsidiary of Wal-Mart Stores East, LLC, is organized under the laws of the State of Delaware, and maintains its principal place of business in

Bentonville, Arkansas. WSE Management, LLC, is likewise a wholly owned subsidiary of Wal-Mart Stores East, LLC, is organized under the laws of the State of Delaware, and maintains its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is a wholly owned subsidiary of Wal-Mart Stores, Inc., is organized under the laws of the State of Arkansas, and maintains its principal place of business in Bentonville, Arkansas.

## II.     AMOUNT IN CONTROVERSY

7.     Plaintiff's Complaint asserts premises liability claims for negligence and wantonness against Walmart, alleging that he sustained bodily injuries as a result of an alleged trip and fall over a wooden pallet at the Schillinger Road Walmart store. (Ex. A, ¶6.)  His Complaint seeks an unspecified amount of compensatory and punitive damages, alleging that he was "made sick, sore, and lame;" "battered, bruised and contused;" and "permanently injured;" "suffered physical pain and suffering and mental anguish and will so suffer in the future;" "incurred medical bills and expenses and will incur such expenses in the future;" and "lost wages and an ability to earn money."  (Ex. A, ¶9.)

8.     "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2007) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir.1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts)).  A removing defendant may offer "a wide range of evidence," including affidavits, depositions, or other "summary judgment-type evidence" to establish the amount in controversy." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-56 (11th Cir. 2010).  The time to ascertain whether the requisite jurisdictional amount exists is the time the Notice of

Removal is filed. *See Id.* at 751. "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka*, 608 F.3d 744).

9. Plaintiff Counsel sent a letter dated August 3, 2022, to Walmart's Third-Party claims service, demanding a settlement amount of Four Hundred Fifty Thousand and 00/100's Dollars ($450,000.00). (Aug. 3, 2022, Corresp., attached as Exhibit "B".) In the letter, Plaintiff Counsel specifically stated, "[d]ue to the circumstances of the accident and the nature of my client's injuries, we feel a demand of $450,000.00 is *reasonable* to settle this matter." (Ex. B) (emphasis added.) Also, enclosed with the letter was a "Summary of Expenses" package, which included medical bills allegedly incurred by Plaintiff from multiple medical facilities and a one-page summary of what appear to be the total medical bills incurred by Plaintiff up to at least the date of the letter, totaling Seventy-One Thousand, Seven Hundred Ninety-Eight and 59/100 Dollars ($71,798.59). (Ex. B.)

10. Thus, according to Plaintiff Counsel's own assessment of the settlement value of this case, in addition to the amount of past medical expenses already incurred and the other damages alleged, the required amount in controversy in this matter is more than exceeded. "The Eleventh Circuit has . . . given preference to a plaintiff's own assessment of the value of its case." *Salsberry v. RT W. Palm Beach Franchise, Ltd*, No. 14-80922-CIV, 2014 WL 12479403, at *2 (S.D. Fla. Oct. 14, 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir 1994).)

11. Plaintiff Counsel's letter and medical bill summary are the first "other paper" received by Walmart from which it was unambiguously ascertainable that this matter is removable in accordance with 28 U.S.C. § 1446(b). *See Lowery*, 483 F.3d at 1213 n. 63 (citing *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002), and *Huffman v. Saul Holdings,*

*LP*, 194 F.3d 1072, 1078 (10th Cir. 1999)) ("the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction."). "[S]ettlement offers that provide 'specific information … to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Jackson v. Select Portfolio Serv., Inc.,* 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1368 (M.D. Ala. 1998)). As Plaintiff Counsel has indicated in his correspondence that Plaintiff's claimed damages are substantially more than $75,000.00, and the amount of past medical expenses approaches the $75,000 threshold, the amount in controversy requirement for removal is, therefore, satisfied.

IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

12.   This action may be removed to this Court by Walmart pursuant to 28 U.S.C. § 1441, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

14.   Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Mobile County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

15.   If any questions arise as to the propriety of the removal of this action, the removing Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, Defendant WALMART, INC., desiring to remove this cause to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which said action is pending, prays that this

Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Mobile County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile County, Alabama.

Respectfully submitted this 16th day of December, 2022

/s/ Chad C. Marchand
W. PEMBLE DELASHMET (DELAW0873)
wpd@delmar-law.com
CHAD C. MARCHAND   (MARCC5089)
ccm@delmar-law.com
KEITH B. FRANKLIN   (FRANK8196)
kbf@delmart-law.com
*Attorneys for Defendant Wal-Mart Inc.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-7994

CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 19th day of December, 2022.

Garrett White
Greene & Phillips
51 North Florida St.
Mobile, AL  36607

            */s/ Chad C. Marchand*
            OF COUNSEL