ELECTRONICALLY FILED
11/14/2022 9:08 AM
02-CV-2022-902000.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case: 02<br><br>Date of Filing:   Judge Code:<br>11/14/2022 |
| --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### JOHN GIBBONS THOMAS v. WALMART INC.

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
              ☐ Government ☐ Other                    ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
         Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
         Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                    DISTRICT COURT

         R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                    OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a
                                              jury trial (See Rules 38 and 39, Ala R Civ P. for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WHI174              11/14/2022 9:08:12 AM              /s/ GARRETT LEE WHITE MR.
_____        _____           _____
                     Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☑ YES ☐ NO

DEFENDANT'S
EXHIBIT
A

100%

ancel

ELECTRONICALLY FILED
11/14/2022 9:08 AM
02-CV-2022-902000.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOHN GIBBONS THOMAS,

      Plaintiff,

v.

WALMART INC., and Fictitious
Defendants A – Z, being parties whose fault
caused or contributed to the injuries
sustained by the Plaintiff which is the basis
of this suit, and whose names, capacities and
identities are otherwise unknown to the
Plaintiff and which will be added by
amendment when ascertained,

      Defendants.

CASE NO.: CV-2022-

**PLAINTIFF DEMANDS
TRIAL BY JURY**

## COMPLAINT
## JURISDICTIONAL PREAMBLE

COMES NOW the Plaintiff, John Gibbons Thomas, and in accordance with the *Alabama Rules of Civil Procedure*, files the following claim for relief against the Defendant, Walmart Inc., and Fictitious Defendants, A – Z, as follows:

1.      Plaintiff, John Gibbons Thomas, is an adult resident of Mobile County, Alabama.

2.      Defendant, Walmart Inc., is a corporation conducting business in Mobile County, Alabama.

3.      Fictitious Defendants A – Z are persons, firms, corporations and/or entities within the jurisdiction of this court as set out in the style of this Complaint, whose true names are unknown to the Plaintiff at this time but will be substituted by amendment when discovered.

4.      The amount in controversy is within the jurisdictional limits of this Honorable Court.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

Plaintiff, John Gibbons Thomas, alleges against the Defendants, Walmart Inc. and Fictitious Defendants A – Z, separately and severally as follows:

5.     The Plaintiff adopts and re-alleges all prior paragraphs as is fully set out herein.

6.     On or about the January 8, 2022, Plaintiff, John Gibbons Thomas, while an invitee, was upon the premises, either owned or under the control of the Defendants, located at 685 Schillinger Road South, Mobile, Alabama 36695.  While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff tripped over a wooden pallet protruding into the aisle which caused him to fall and sustain injuries to his person.

7.     Plaintiff's fall was the proximate result of the Defendants' negligence in that the Defendants knew or should have known of the hazard and failed to either remedy the defect or warn the Plaintiff of the defect.

8.     The hazard was not open or obvious.

9.     As a proximate result of the Defendants' negligence, Plaintiff suffered the following injuries and damages: Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff was permanently injured; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in a sum within the jurisdictional limits of this Court, plus interest and cost.

## SECOND CAUSE OF ACTION
## WANTONNESS

Plaintiff, John Gibbons Thomas, alleges against the Defendants, Walmart Inc. and Fictitious Defendants A – Z, separately and severally as follows:

10.     The Plaintiff adopts and re-alleges all prior paragraphs as is fully set out herein.

11.     On or about the anuary 8, 2022, Plaintiff, John Gibbons Thomas, while an invitee, was upon the premises, either owned or under the control of the Defendants, located at 685 Schillinger Road South, Mobile, Alabama 36695. While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff tripped over a wooden pallet protruding into the aisle which caused him to fall and sustain injuries to his person.

12.     Plaintiff's fall was the proximate result of the Defendants' wantonness in that the Defendants knew or should have known of the defective condition of hazard and failed to either remedy the defect or warn the Plaintiff of the defect.

13.     The hazard was not open or obvious.

14.     As a proximate result of the Defendants' wantonness, Plaintiff suffered the following injuries and damages: Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff suffered permanent injuries; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

WHEREFORE, Plaintiff demands judgment against the Defendants for punitive damages in a sum within the jurisdictional limits of this Court, plus interest and cost.

Respectfully Submitted,

/s/ Garrett L. White
GARRETT L. WHITE (WHI174)
*Attorney for Plaintiff*

OF COUNSEL:

GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama  36607
251-478-1115 – Telephone
251-471-3920 – Facsimile

## DEFENDANT MAY BE SERVED AS FOLLOWS VIA CERTIFIED MAIL BY CLERK OF COURT:

Walmart Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
11/14/2022 9:08 AM
02-CV-2022-902000.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOHN GIBBONS THOMAS,                    *
                                        *
    Plaintiff,                          *
                                        *
v.                                      *
                                        *
                                        *    CASE NO.: CV-2022-
WALMART   INC.,   and   Fictitious      *
Defendants A – Z, being parties whose fault    *    **TO BE SERVED**
caused  or  contributed  to  the  injuries    *    **WITH COMPLAINT**
sustained by the plaintiff which is the basis   *
of this suit, and whose names, capacities and   *
identities  are  otherwise  unknown  to  the    *
plaintiff  and  which  will  be  added  by    *
amendment when ascertained,             *
                                        *
    Defendants.                         *

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART INC.

COMES NOW the Plaintiff, John Gibbons Thomas, pursuant to Rules 33 and 34 of the *Alabama Rules of Civil Procedure*, and propounds the following Interrogatories and Requests for Production of Documents to Defendant Walmart Inc. to be answered fully in writing and under oath within forty-five (45) days of the service hereof:

    1.    State the name, address, telephone number, business employment, job title, name of direct supervisor, social security number, age, date of birth and driver's license number of the person answering these discovery requests.

    2.    State the name, address and telephone number of each individual:

        a)    who witnessed the incident made the basis of this suit or the events occurring immediately before or after the incident made the basis of this suit;

        b)    who heard any statements made about the incident made the basis of this suit of any individual at the scene, and

      c)      who you or anyone acting on your behalf claim to have knowledge of the incident made the basis of this lawsuit.

3.      State the names and addresses of **each** and every person that you or anyone acting on your behalf has talked to regarding or relating to the incident made the basis of this lawsuit, the nature of said discussions and further state when and where such discussions took place.

4.      State the name and address of each and every person from whom you have obtained a statement, whether written or oral, taped or videotaped; provide the date and time said statement was taken.

5.      Please state whether you are named correctly in the Complaint.  If not, please state your correct legal name.

6.      For each of your employees, agents or representatives physically present at the time and place of the incident made the basis of this suit, including but not limited to the individual(s) who were to maintain the conditions of the floors, please state:

      a)      his or her name, address and telephone number;

      b)      job title of said individuals as of the date of the incident made the basis of this suit;

      c)      whether he or she was on duty at the time of the incident made the basis of this suit, and

      d)      the job or function he or she was performing at the time of the incident made the basis of this suit.

7.      Please list all applicable insurance policies which would provide coverage for the loss made the basis of the Complaint.  Include the name of the company who issued the policy, the policy number, and the limits of insurance.  Attach a copy of the policy to your response to these interrogatories.

8.      Produce for inspection and copying any and all pictures, video tapes, slides or negatives depicting any place, object, or individual pertaining to or relating to the incident made the basis of this lawsuit.

9.      State in detail how the incident made the basis of this suit occurred.

10.     Within the past five (5) years, has the Defendant received or become aware of any claim resulting from injuries alleged to be suffered in slip and fall or trip and fall incidents at the premises where the Plaintiff fell?

11.     For each claim mentioned in your answer to Interrogatory No. 10, state:

   a)    the date of the alleged injury;

   b)    the date claim was received;

   c)    name and address of alleged injured claimants, and

   d)    name and address of the claimants' attorneys (if any).

12.     Within the past five (5) years, has the Defendant(s) been involved in any other personal injury claims which either settled short of the filing of a lawsuit or any lawsuits arising from slip and fall or trip and fall incidents suffered, or alleged to be suffered, at the premises where the Plaintiff fell or any other premises under the custody or control of this Defendant(s)?

13.     For each claim or lawsuit  mentioned in your answer to Interrogatory No. 12, state:

   a)    the date(s) the litigation was filed;

   b)    the court(s) in which it was filed;

   c)    the case name(s);

   d)    the case number(s);

   e)    the lawyer(s) who represented the plaintiffs, and

   f)    the date of the alleged injury.

14.     On the date of the alleged incident, how frequently was the area where the incident occurred inspected, cleaned and/or maintained?

15.     Produce for inspection and copying any and all documents, (including time logs, cleaning logs, maintenance records, etc.) which support your answer to Interrogatory No. 14.

16.     With respect to all witnesses whom you will or may call as experts to give opinion testimony at the trial of this cause, state the following:

     a)     name and address of the expert;

     b)     the field in which he/she is offered as an expert;

     c)     the substance of the facts in which he/she is expected to testify, and

     d)     the substance of the opinions to which he/she is expected to testify in the summary for the grounds of each such opinion.

17.     Produce for inspection and copying any and all policies and procedures of the Defendant which relate in any way to the incident made the basis of the Complaint.

Respectfully Submitted,

/s/ Garrett L. White
GARRETT L. WHITE (WHI174)
*Attorney for Plaintiff*

OF COUNSEL:

GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama  36607
251-478-1115 – Telephone
251-471-3920 – Facsimile

**DEFENDANT MAY BE SERVED AS FOLLOWS VIA CERTIFIED MAIL BY CLERK OF COURT:**

Walmart Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
11/14/2022 9:08 AM
02-CV-2022-902000.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| JOHN GIBBONS THOMAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CASE NO.: CV-2022- |
| WALMART INC., and Fictitious | * | |
| Defendants A – Z, being parties whose fault | * | **TO BE SERVED** |
| caused or contributed to the injuries | * | **WITH COMPLAINT** |
| sustained by the plaintiff which is the basis | * | |
| of this suit, and whose names, capacities | * | |
| and identities are otherwise unknown to the | * | |
| plaintiff and which will be added by | * | |
| amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF DEPOSITION PURSUANT TO
## RULE 30(b)(6)OF THE ALABAMA RULES
## OF CIVIL PROCEDURE
## (DUCES TECUM)

TO:             Walmart Inc.


DEPONENT:       30(b)(6) Representative of Walmart Inc.– the individual or individuals who
                are most knowledgeable regarding the allegations contained in the Complaint
                and Duces tecum

TIME:           TBD

DATE:           TBD

LOCATION:       Greene & Phillips
                Attorneys at Law
                51 North Florida Street
                Mobile, Alabama  36607


Please take notice that the attorney for the Plaintiff, John Gibbons Thomas, will take the

testimony of the representative for Walmart Inc., having the most complete knowledge concerning

the operation and business of Walmart Inc., the dealings with and the matters made subject to this

lawsuit.

The Plaintiff hereby advises Walmart Inc., that pursuant to Rule 30(b)(6), *Alabama Rules of Civil Procedure*, said party has a duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and may set forth for each person so designated the matters on which he/she will testify at the time, date and location indicated above, upon oral examination pursuant to the *Alabama Rules of Civil Procedure*, before an officer duly authorized to administer oaths and swear witnesses in the County of Mobile, State of Alabama. The oral examination will continue from day to day until completed and you are invited to attend if you so desire.

Respectfully Submitted,

/s/ Garrett L. White
GARRETT L. WHITE (WHI174)
*Attorney for Plaintiff*

OF COUNSEL:

GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama  36607
251-478-1115 – Telephone
251-471-3920 – Facsimile

**DEFENDANT MAY BE SERVED AS FOLLOWS VIA CERTIFIED MAIL BY CLERK OF COURT:**

Walmart Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Revised 1-1-014; 4-1-99; 11-1-99

02-CV-2022-902000.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

|                        |   |                             |
|------------------------|---|-----------------------------|
| _____   | * |                             |
| _____   | * |                             |
| Plaintiff(s)           | * |                             |
| Vs.                    | * | CIVIL ACTION NO. _____ |
|                        | * | DATE COMPLAINT FILED: _____ |
| _____   | * |                             |
| _____   | * |                             |

Defendant(s)

### ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the General Pre-Trial Order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing Motion to Set and Certificate of Readiness requests additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed", on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available in the Clerk's Office and will contain the following information:

(1)   The date the complaint was filed;

(2)   That the issues in this cause have been defined and joined;

(3)   That all discovery has been completed or will be completed 60 days after the filing of the Certificate of Readiness;

(4)   That a jury demand has or has not been demanded;

(5)   The expected length of the trial expressed in hours and/or days;

(6)   A brief description of the plaintiff's claim;

(7)   The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)   That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)   That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)  That the movant certifies that he/she has rad the pre-trial order, and that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reason therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where for good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form)

## NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of the status or state of the case (discovery stage, active calendar or trial calendar)

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedures, it is ORDERED, BY THE Court that the following will apply:

1.   **EXHIBITS, DOCUMENTS AND PHYSICAL EVIDENCE**

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in this case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

## 2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent or made available to all parties not less than 21 days prior to trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bill be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bill not timely exhibited to other parties will not be admitted at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

## 3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days prior to trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not time exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

## 4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or grounds relied on.

## 5.   EXPERTS

a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing of such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

## 6.   JURY INSTRUCTIONS

a.   If a case is to be tried by a jury, requested written charges shall be submitted to the Court not less than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

## 7.   JURY SELECTION

a.   Before the commencement of trial, the parties will furnish or advise the Court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

## 8.   DUTY TO SUPPLEMENT DISCOVERY

a.   All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which

should be done not less than 30 days before trial.

9.   **MOTIONS GENERALLY**

a.      If motion to strike or dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

11.   **CONFLICTS**

a.      In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED, by the Court that the Court will consider any portion of the General Pre-Trial Order upon timely application by any party.


Done this _____ day of _____



_____
Presiding Judge, Michael A. Youngpeter

**UNITED STATES**
**POSTAL SERVICE**

November 22, 2022

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 02-CV-2022-902000.00 | Intended Recipient: |
| Document Type: Complaint | WALMART INC.  (D001) |
| Restricted Delivery Requested: No | 2 NORTH JACKSON STREET |
| | SUITE 605 |
| | MONTGOMERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2200 1370 50**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | November 22, 2022, 8:50 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

| Signature of Recipient: | x _Hallie_ |
|---|---|
| | Hakeigh Ferguson |
| **Address of Recipient:** | 2 N Jackson #605 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



100%

ancel

ELECTRONICALLY FILED
11/30/2022 10:49 AM
02-CV-2022-902000.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

02-MOBILE  ☐ District Court  ☑ Circuit Court

Cas [seal]  CV2

| JOHN GIBBONS THOMAS V. WALMART INC. | **CIVIL MOTION COVER SHEET** |
|---|---|
|  | *Name of Filing Party:* C001 - THOMAS JOHN GIBBONS |

*Name, Address, and Telephone No. of Attorney or Party  If Not Represented*

GARRETT LEE WHITE MR.
51 N. Florida St.
Mobile, AL 36607

*Attorney Bar No.:*  WHI174

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
|  | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Compel |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Consolidation |
|  | ☐ Continue |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
|  | ☐ Designate a Mediator |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Motion to Intervene ($297.00) | ☐ Disburse Funds |
| ☐ Other _____ | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
|  | ☐ Joinder |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ More Definite Statement |
|  | ☐ Motion to Dismiss pursuant to Rule 12(b) |
|  | ☐ New Trial |
| ☐ Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
|  | ☐ Pendente Lite |
|  | ☐ Plaintiff's Motion to Dismiss |
|  | ☐ Preliminary Injunction |
|  | ☐ Protective Order |
|  | ☐ Quash |
|  | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☐ Vacate or Modify |
|  | ☐ Withdraw |
|  | ☑ Other    Motion to Remove Case From Expedited CMS |
|  | pursuant to Rule  ARCP          (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date: 11/30/2022 10:48:17 AM | Signature of Attorney or Party /s/ GARRETT LEE WHITE MR. |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled "motion to Dismiss" that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

ELECTRONICALLY FILED
11/30/2022 10:49 AM
02-CV-2022-902000.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOHN GIBBONS THOMAS,                    *
                                        *
    Plaintiff,                      *
                                        *
v.                                      *      CASE NO.:  CV-2022-902000.00
                                        *
WALMART, INC., and Fictitious           *
Defendants A-Z,                         *
                                        *
    Defendants.                     *

## MOTION TO REMOVE CASE FROM EXPEDITED
## CASE MANAGEMENT SYSTEM

COMES NOW Plaintiff in the above referenced matter, and moves this Honorable Court to remove this case from the expedited case management system based on the following:

1.  This is a complex negligence and wantonness matter which occurred on January 8, 2022.

2.  This Court's Pretrial Order states that a case may be removed from the Expedited Case Management System "[i]f a party to this cause believes that the cause is extremely complex or will involve unique problems <u>and</u> will be impossible to prepare for trial within the time frame of the system." (Emphasis in original).

3.  As of this date, the Plaintiff is still receiving medical care in connection with the injuries he received from the incident.

4.  Considering the nature of the claims and damages being asserted, this case will involve extensive discovery, including experts, and will require discovery and preparation time greater than that involved in cases on the expedited case management system.

WHEREFORE, Plaintiff, John Gibbons Thomas, respectfully requests that this case be removed from the expedited case management system.

Respectfully Submitted,

/s/ Garrett L. White
GARRETT L. WHITE (WHI174)
*Attorney for Plaintiff*

OF COUNSEL:

GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama 36607
251-478-1115 – Telephone
251-471-3920 – Facsimile

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above document has been forwarded to

all counsel of record via prepaid USPS on this *30th day of November, 2022*, as follows:

Walmart Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104
*Pro Se Defendant*

/s/ Garrett L. White
GARRETT L. WHITE

2

ELECTRONICALLY FILED
12/1/2022 3:38 PM
02-CV-2022-902000.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

THOMAS JOHN GIBBONS,  )
Plaintiff,  )
 )
V.  ) Case No.:   CV-2022-902000.00
 )
WALMART INC.,  )
Defendant.  )

## ORDER

The MOTION TO REMOVE CASE FROM EXPEDITED CMS filed by Plaintiff is **DENIED at this time**. Once counsel for the defense makes an appearance, counsel for the parties are directed to consult on this issue.

If the parties agree that removal from the fasttrack system is appropriate, within sixty (60) days the parties will be expected to agree upon and submit a scheduling order setting forth reasonable dates and deadlines for all matters which would otherwise be set in accordance with the system.  These matters include, but are not limited to, expert disclosure deadlines and a date by which the parties will request a trial setting.  The general pre-trial portion of the system order will remain in effect, unless altered by the parties' agreed-upon order.

DONE this 1st day of December, 2022.

/s/ MICHAEL A YOUNGPETER
**CIRCUIT JUDGE**



# Greene & Phillips
## INJURY LAWYERS

August 3, 2022

Teresa Bailey
Claims Management Inc.
Complaince Office
PO Box 14731
Lexington, KY 40512

Re:    Our Client:     John Gibbons Thomas
         Your Insured:    Walmart
         Date of Incident:  January 8, 2022
         Claim #:       9963515

Dear Ms. Bailey:

Please find enclosed the medical records and bills for John Gibbons Thomas who received physical injuries on above referenced date.

We are now in a position to negotiate settlement of this claim. Due to the circumstances of the accident and the nature of my client's injuries, we feel a demand of $450,000.00 is reasonable to settle this matter.

We look forward to hearing from you within fourteen (14) days from the date of this correspondence and working with you toward an amicable resolution of this claim. If you have any questions, please do not hesitate to contact me directly.

Sincerely,

Garrett L. White
FOR THE FIRM
E-mail: glwhite@greenephillips.com

GLW/emp

Attorneys:
J. David Greene
Will G. Phillips
Britt V. Bethea
Stephen M. Collins
Joshua T. Morgan
Charles J. Barber II
Benjamin M. Warren
Garrett L. White

www.GreenePhillips.com
51 N. Florida St. Mobile, AL 36607
Phone: 251-478-1115  toll-free: 877-478-1115  fax: 251-471-3920



DEFENDANT'S
EXHIBIT
"B"



# Summary of Expenses

## Value Code Report

| Value Code | Dates of Service | Provider Of Service | Total Amount |
|---|---|---|---|
| MEDICAL | 1/18/0022 – 1/18/2022 | Newman's Ambulance | 65.00 |
| MEDICAL | 1/8/2022 – 1/8/2022 | Lifeguard Ambulance Service | 515.63 |
| MEDICAL | 1/8/2022 – 1/8/2022 | Mobile Emergency Physicians, LLC | 1,400.00 |
| MEDICAL | 1/8/2022 – 1/18/2022 | Providence Hospital | 40,252.55 |
| MEDICAL | 1/8/2022 – 1/8/2022 | Radiology Associates of Mobile, P.C. | 816.00 |
| MEDICAL | 1/18/2022 – 1/27/2022 | Springhill Medical Center | 28,749.41 |
| | | **SUBTOTAL FOR MEDICAL** | **$ 71,798.59** |
| **Totals for all value codes** | | | $ 71,798.59 |